## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **ROOSTER OIL & GAS, LLC AND ROOSTER PETROLEUM, LLC** | § § § | |
| **PLAINTIFFS,** | § § § | |
| **V.** | § § | |
| **BIRNHAM ENERGY INVESTMENT COMPANY, L.P. F/K/A IMPLICIT OIL & GAS, LP AND IMPLICIT OIL & GAS, (VR 376), LLC** | § § § § § § | |
| **DEFENDANTS** | § § § | |
| _____ | § § | **CIVIL ACTION NO. 4:13-cv-01983** |
| **BIRNHAM ENERGY INVESTMENT COMPANY, L.P. (F/K/A IMPLICIT OIL AND GAS, L.P.) IMPLICIT OIL & GAS (VR 376), LLC, 376 OG HOLDINGS, LLC AND TEXAS OG ACQUISITIONS, LLC** | § § § § § § § § | **JURY** |
| **COUNTER-PLAINTIFFS,** | § § § | |
| **V.** | § § | |
| **ROOSTER OIL & GAS, LLC, ROOSTER PETROLEUM, LLC, ROOSTER ENERGY, LLC, ROOSTER ENERGY, LTD., ROBERT MURPHY, KENNETH F. TAMPLAIN, JR., AND CHET MORRISON** | § § § § § § § | |
| **COUNTER-DEFENDANTS.** | § § | |

## ROBERT MURPHY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE ORIGINAL COUNTERCLAIM AND <u>APPLICATION FOR APPOINTMENT OF RECEIVER</u>

COMES NOW, Robert Murphy ("Mr. Murphy"), and for his affirmative defenses and answer to the Original Counterclaim and Application for Appointment of Receiver ("Counterclaim") of Counter-Plaintiffs Birnham Energy Investment Company, L.P. (f/k/a Implicit Oil & Gas, L.P.) and Implicit Oil & Gas (VR 376), LLC and Joined Counter-Plaintiffs/Third-Party Plaintiffs 376 OG Holdings, LLC and Texas OG Acquisitions, LLC (collectively, "Counter-Plaintiffs"), does respectfully aver as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Counter-Plaintiffs failed to state a cause of action against Mr. Murphy for which relief may be granted.

### SECOND DEFENSE

There is no contractual privity or other dealings or transactions as between Mr. Murphy and Counter-Plaintiffs sufficient to impose any duty or obligation upon Mr. Murphy that was or could have been breached on the premises of the Counterclaim.

### THIRD DEFENSE

To the extent Mr. Murphy owed any duty or obligation to or for the benefit of Counter-Plaintiffs, Mr. Murphy fully and properly performed any and all such duties or obligations in the utmost good faith, and in accordance with and pursuant to all applicable laws, regulations, and ordinances.

### FOURTH DEFENSE

To the extent that Mr. Murphy may have engaged in or otherwise may be responsible for any of the acts or omissions attributed to it in the Counterclaim, such acts or omissions were lawful, justified, and undertaken in good faith and in a manner wholly consistent with both the

law and all applicable industry practices and procedures, as well as with the terms and conditions of the agreements between the parties to this proceeding.

## FIFTH DEFENSE

To the extent any agreement may otherwise be found to exist between Mr. Murphy and certain Counter-Plaintiffs (which is denied), Mr. Murphy's consent to any such agreement is vitiated and subject to rescission as the product of error, which error constituted a cause for Mr. Murphy's consent to the parties' agreements known to or that should have been known to the Counter-Plaintiffs, and without which the obligations assumed by Mr. Murphy would not have been assumed.

## SIXTH DEFENSE

To the extent any agreement may otherwise be found to exist between Mr. Murphy and Counter-Plaintiffs (which is denied), Mr. Murphy's consent to any such agreement is vitiated and subject to rescission on the grounds that it was induced by negligent misrepresentation of and/or false or incorrect assurances as to material facts regarding the financial capabilities of Counter-Plaintiffs, upon which inaccurate representations, omissions, and/or assurances Mr. Murphy relied to his detriment.

## SEVENTH DEFENSE

The terms, covenants, and conditions of any agreement that may in fact exist as between Mr. Murphy and Counter-Plaintiffs are specifically and affirmatively pled herein as though set forth in their entirety, which terms and provisions operate as a bar, in whole or part, to the Counter-Plaintiffs' claims.

## EIGHTH DEFENSE

To the extent that Mr. Murphy may have engaged in or be responsible for any of the acts or omissions attributed to him in the Counterclaim as being in violation of an agreement as

between Mr. Murphy and Counter-Plaintiffs (which is denied), such acts or omissions constituted the privileged exercise of legal and contractual rights.

### NINTH DEFENSE

Counter-Plaintiffs' claims against Mr. Murphy are barred by operation of applicable statutes of fraud and/or the parole evidence rule.

### TENTH DEFENSE

Counter-Plaintiffs' contractual claims against Mr. Murphy are barred by Counter-Plaintiffs' own breaches, defaults, and/or non-performance.

### ELEVENTH DEFENSE

Counter-Plaintiffs' claims are barred by their own fraud, unclean hands and/or pursuant to the doctrine of inexcusable neglect.

### TWELFTH DEFENSE

Counter-Plaintiffs' claims against Mr. Murphy are barred in whole or part under principles of equitable estoppel, waiver, notification, ratification, confirmation, consent, and/or laches.

### THIRTEENTH DEFENSE

Counter-Plaintiffs' claims *may* be barred by the doctrines of set-off and/or confusion.

### FOURTEENTH DEFENSE

Counter-Plaintiffs have not sustained any legally cognizable damage, loss, or injury.

### FIFTEENTH DEFENSE

Mr. Murphy has engaged in no conduct and committed no act or omission that was or could have been the direct, legal, and/or proximate cause of any loss, damage, or injury to the Counter-Plaintiffs.

## SIXTEENTH DEFENSE

To the extent that Counter-Plaintiffs have sustained any damage, loss, or injury in connection with any of the acts, occurrences, and/or transactions described or referenced in their Counterclaim (which is specifically and expressly denied), any such damage, loss, or injury arose as the legal, direct, and proximate result of Counter-Plaintiffs' own acts, omissions, and fault and/or of the acts, omissions, and fault of persons other than Mr. Murphy for whose conduct Mr. Murphy is neither responsible nor liable.

## SEVENTEENTH DEFENSE

To the extent Counter-Plaintiffs have sustained any damage, loss, or injury in connection with any of the acts, occurrences, and transactions described or referenced in their Counterclaim (which is specifically and expressly denied), Counter-Plaintiffs failed to undertake appropriate and reasonable steps to prevent or otherwise mitigate any such damage, loss, or injury and/or otherwise acted in such a manner as to aggravate or exacerbate any such damage, loss, or injury barring (in whole or part) any claim by Counter-Plaintiffs to recover for any of the damages alleged in the Counterclaim.

## EIGHTEENTH DEFENSE

Counter-Plaintiffs have no legally cognizable right or cause of action to recover attorneys' fees from Mr. Murphy on the premises of this lawsuit.

## NINETEENTH DEFENSE

Counter-Plaintiffs are not entitled to recover contractual or judicial interest from Mr. Murphy on the premises of this lawsuit.

## TWENTIETH DEFENSE

Counter-Plaintiffs are not entitled to recover any court costs from Mr. Murphy on the premises of this lawsuit.

### TWENTY-FIRST DEFENSE

Counter-Plaintiffs are not entitled to any other relief, either at law or in equity, from or against Mr. Murphy on the premises of this lawsuit.

### TWENTY-SECOND DEFENSE

Counter-Plaintiffs have no claim for and are not entitled to recover non-economic damages from Mr. Murphy.

### TWENTY-THIRD DEFENSE

Mr. Murphy reserves the right to assert any additional defenses that may be discovered during the course of this proceeding.

### ANSWER

**AND NOW**, preserving all rights, objections, claims and/or defenses as may otherwise be available to him, for his answer to the separately numbered paragraphs of the Counterclaim, Mr. Murphy respectfully further responds and avers as follows:

1.

Mr. Murphy admits the allegations of paragraph 1 of the Counterclaim.

2.

Mr. Murphy admits the allegations of paragraph 2 of the Counterclaim.

3.

Mr. Murphy admits the allegations of paragraph 3 of the Counterclaim.

4.

Mr. Murphy admits the allegations of paragraph 4 of the Counterclaim.

5.

The allegations contained in paragraph 5 of the Counterclaim relate to a third-party, not Mr. Murphy and, therefore, are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in paragraph 6 of the Counterclaim relate to a third-party, not Mr. Murphy and, therefore, are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph 7 of the Counterclaim relate to a third-party, not Mr. Murphy and, therefore, are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in paragraph 8 of the Counterclaim relate to a third-party, not Mr. Murphy and, therefore, are denied for lack of sufficient information to justify a belief therein.

9.

Mr. Murphy admits the allegations of paragraph 9 of the Counterclaim.

10.

The allegations contained in paragraph 10 of the Counterclaim relate to a third-party, not Mr. Murphy and, therefore, are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in paragraph 11 of the Counterclaim relate to a third-party, not Mr. Murphy and, therefore, are denied for lack of sufficient information to justify a belief therein.

12.

Mr. Murphy denies the allegations contained in paragraph 12 of the Counterclaim as written.

13.

Mr. Murphy responds that the Participation Agreement is a written document that constitutes the best evidence of its terms.  To the extent that the allegations of paragraph 13 fail to fully and accurately reflect the contents of that written agreement, Mr. Murphy denies the allegations of paragraph 13.

14.

Mr. Murphy responds that the Participation Agreement is a written document that constitutes the best evidence of its terms.  To the extent that the allegations of paragraph 14 fail to fully and accurately reflect the contents of that written agreement, Mr. Murphy denies the allegations of paragraph 14.  To the extent that any further response may be required (which is denied), the allegations in paragraph 14 of the Counterclaim are denied as written.

15.

Mr. Murphy responds that the Participation Agreement is a written document that constitutes the best evidence of its terms.  To the extent that the allegations of paragraph 15 fail to fully and accurately reflect the contents of that written agreement, Mr. Murphy denies the allegations of paragraph 15.

16.

Mr. Murphy denies the allegations contained in paragraph 16 of the Counterclaim as written, save that Mr. Tamplain admits that Rooster Oil & Gas, LLC is recognized by BOEM as the owner of 100% of the operating rights in the Lease to the depth of 9000' TVD, effective January 1, 2012. Rooster Petroleum, LLC is the designated operator of VR 376 and does not own any record title or operating rights interest in the lease.

17.

Mr. Murphy responds that the Participation Agreement is a written document that constitutes the best evidence of its terms.  To the extent that the allegations of paragraph 17 fail to fully and accurately reflect the contents of that written agreement, Mr. Murphy denies the allegations of paragraph 17.  To the extent that any further response may be required (which is denied), the allegations in paragraph 17 of the Counterclaim are denied as written.

18.

Mr. Murphy responds that the Participation Agreement and Operating Agreement are written documents that constitute the best evidence of their terms.  To the extent that the allegations of paragraph 18 fail to fully and accurately reflect the contents of those written documents, Mr. Murphy denies the allegations of paragraph 18. To the extent that any further response may be required (which is denied), the allegations in paragraph 18 of the Counterclaim are denied as written.

19.

Mr. Murphy responds that the referenced documents constitute the best evidence of their terms.  To the extent that the allegations of paragraph 19 fail to fully and accurately reflect the contents of those written agreements, Mr. Murphy denies the allegations of paragraph 19. To the

extent that any further response may be required (which is denied), the allegations in paragraph 19 of the Counterclaim are denied as written.

20.

Mr. Murphy denies the allegations contained in paragraph 20 of the Counterclaim for lack of sufficient knowledge or information to justify a belief therein.

21.

Mr. Murphy responds that the referenced documents constitute the best evidence of their terms. To the extent that the allegations of paragraph 21 fail to fully and accurately reflect the contents of those written agreements, Mr. Murphy denies the allegations of paragraph 21. To the extent that any further response may be required (which is denied), the allegations in paragraph 21 of the Counterclaim are denied as written.

22.

Mr. Murphy responds that the Participation Agreement is a written document and constitutes the best evidence of its terms. To the extent that the allegations of paragraph 22 fail to fully and accurately reflect the contents of that written agreement, Mr. Murphy denies the allegations of paragraph 22. To the extent that any further response may be required (which is denied), the allegations in paragraph 22 of the Counterclaim are denied as written.

23.

Mr. Murphy admits that Rooster Petroleum, LLC was paid a total of $4,769,005.73, but denies that these payments were made directly by Implicit 376 and deny that this amount reflects the full amount owed by Implicit 376 and/or its affiliated entities. The remaining allegations contained in paragraph 23 are denied.

24.

Mr. Murphy denies the allegations contained in paragraph 24 as written.

25.

Mr. Murphy denies the allegations contained in paragraph 25 of the Counterclaim for lack of sufficient knowledge or information to justify a belief therein.

26.

Mr. Murphy responds that the Operating Agreement is a written document and constitutes the best evidence of its terms.  To the extent that the allegations of paragraph 26 fail to fully and accurately reflect the contents of that written agreement, Mr. Murphy denies the allegations of paragraph 26.  To the extent that any further response may be required (which is denied), the allegations in paragraph 26 of the Counterclaim are denied.

27.

Mr. Murphy admits the allegations contained in paragraph 27 of the Counterclaim.

28.

Mr. Murphy denies the allegations contained in paragraph 28 of the Counterclaim.

29.

Mr. Murphy denies the allegations contained in paragraph 29 of the Counterclaim.

30.

Mr. Murphy admits that OG Holdings filed suit against its affiliate, Acquisitions, on September 20, 2012, and sought to foreclose upon the Participation Interest; however, Mr. Murphy disputes that a genuine controversy existed between the entities.  Mr. Murphy denies the remainder of the allegations in paragraph 30 as written.

31.

Mr. Murphy admits that a Judgment was entered in favor of OG Holdings against Acquisitions; however, the appropriateness and validity of that Judgment is currently being challenged and is under submission before the United States District Court for the Western District of Louisiana. Mr. Murphy further avers that the Keeper Order has been stayed pending a ruling on the Motion to Vacate. See June 19, 2013 Order, attached hereto as Exhibit "A." Mr. Murphy denies the remainder of the allegations in paragraph 31 as written.

32.

Mr. Murphy denies the allegations contained in paragraph 32 of the Counterclaim. Further, the validity of the Judgment upon which the Keeper Order was obtained is in dispute and pending before the United States District Court for the Western District of Louisiana.

33.

Mr. Murphy denies the allegations contained in paragraph 33 of the Counterclaim.

34.

Mr. Murphy denies the allegations contained in paragraph 34 of the Counterclaim.

35.

Mr. Murphy denies the allegations contained in paragraph 35 of the Counterclaim.

36.

Mr. Murphy responds that the allegations contained in paragraph 36 of the Counterclaim refer to a written document that constitutes the best evidence of its terms and contents. To the extent that the allegations of paragraph 36 fail to fully and accurately reflect the contents of that written document, Mr. Murphy denies the allegations of paragraph 36. To the extent that any

further response may be required (which is denied), the allegations in paragraph 36 of the Counterclaim are denied.

37.

Mr. Murphy responds that the referenced document constitutes the best evidence of its terms and contents.  To the extent that the allegations of paragraph 37 fail to fully and accurately reflect the contents and context of that written document, Mr. Murphy denies the allegations of paragraph 37.  To the extent that any further response may be required (which is denied), the allegations in paragraph 37 of the Counterclaim are denied.

38.

Mr. Murphy denies the allegations contained in paragraph 38 of the Counterclaim.

39.

Mr. Murphy responds that the referenced document constitutes the best evidence of its terms and contents.  To the extent that the allegations of paragraph 39 fail to fully and accurately reflect the contents of that written document, Mr. Murphy denies the allegations of paragraph 39. To the extent that any further response may be required (which is denied), the allegations in Paragraph 39 of the Counterclaim are denied as written.

40.

Mr. Murphy responds that the referenced documents constitute the best evidence of their terms.  To the extent that the allegations of paragraph 40 fail to fully and accurately reflect the contents of those written agreements, Mr. Murphy denies the allegations of paragraph 40. To the extent that any further response may be required (which is denied), the allegations in paragraph 40 of the Counterclaim are denied.

41.

Mr. Murphy responds that the Gas Balancing Agreement constitutes the best evidence of its terms. To the extent that the allegations of paragraph 41 fail to fully and accurately reflect the contents of that written agreement, Mr. Murphy denies the allegations of paragraph 41. To the extent that any further response may be required (which is denied), the allegations in Paragraph 41 of the Counterclaim are denied as written.

42.

Mr. Murphy responds that the allegations in paragraph 42 of the Counterclaim state conclusions of law to which no response is required. To the extent that any further response may be required (which is denied), the allegations in paragraph 42 of the Counterclaim are denied.

43.

Mr. Murphy responds that the referenced documents constitute the best evidence of their terms. To the extent that the allegations of paragraph 43 fail to fully and accurately reflect the contents of those written agreements, Mr. Murphy denies the allegations of paragraph 43. To the extent that any further response may be required (which is denied), the allegations in paragraph 43 of the Counterclaim are denied as written.

44.

Mr. Murphy responds that the referenced documents constitute the best evidence of their terms. To the extent that the allegations of paragraph 44 fail to fully and accurately reflect the contents of those written agreements, Mr. Murphy denies the allegations of paragraph 44. Mr. Murphy further avers that the allegations in paragraph 44 of the Counterclaim state conclusions of law to which no response is required. To the extent that any further response may be required (which is denied), the allegations in paragraph 44 of the Counterclaim are denied.

45.

Mr. Murphy responds that the referenced documents constitute the best evidence of their terms.  To the extent that the allegations of paragraph 45 fail to fully and accurately reflect the contents of those written documents, Mr. Murphy denies the allegations of paragraph 45.  To the extent that any further response may be required (which is denied), the allegations in paragraph 45 of the Counterclaim are denied.

46.

Mr. Murphy denies the allegations contained in paragraph 46 of the Counterclaim.

47.

Mr. Murphy admits that Rooster Oil & Gas, LLC and Rooster Petroleum, LLC are wholly owned by Rooster Energy, LLC. Mr. Murphy denies the remaining allegations contained in paragraph 47 of the Counterclaim as written.

48.

Mr. Murphy admits that Rooster Energy, LLC is wholly owned by Rooster Energy, Ltd. Mr. Murphy denies the remaining allegations contained in paragraph 48 of the Counterclaim as written.

49.

Mr. Murphy denies the allegations contained in paragraph 49 of the Counterclaim as written.

50.

Mr. Murphy denies the allegations contained in paragraph 50 of the Counterclaim.

51.

Mr. Murphy denies the statements and allegations of paragraph 51, save that Mr. Murphy responds that the referenced documents constitute the best evidence of their terms.  To the extent that the allegations of paragraph 51 fail to fully and accurately reflect the contents of that written document, Mr. Murphy denies the allegations of paragraph 51. To the extent that any further response may be required (which is denied), the allegations in paragraph 51 of the Counterclaim are denied.

52.

Mr. Murphy denies the statements and allegations of paragraph 52, save that Mr. Murphy responds that the referenced documents constitute the best evidence of their terms.  To the extent that the allegations of paragraph 52 fail to fully and accurately reflect the contents of that written document, Mr. Murphy denies the allegations of paragraph 52. To the extent that any further response may be required (which is denied), the allegations in paragraph 53 of the Counterclaim are denied as written.

53.

Mr. Murphy denies the statements and allegations of paragraph 53, save that Mr. Murphy responds that the Participation Agreement constitutes the best evidence of its terms.  To the extent that the allegations of paragraph 53 fail to fully and accurately reflect the contents of that written agreement, Mr. Murphy denies the allegations of paragraph 53. To the extent that any further response may be required (which is denied), the allegations in paragraph 53 of the Counterclaim are denied as written.

54.

Mr. Murphy denies the allegations of paragraph 54 of the Counterclaim, save that Mr. Murphy avers that the referenced document constitutes the best evidence of its terms and contents. To the extent that the allegations of paragraph 54 fail to fully and accurately reflect the contents of that written document, Mr. Murphy denies the allegations of paragraph 54. To the extent that any further response may be required (which is denied), the allegations in paragraph 54 of the Counterclaim are denied as written.

55.

Mr. Murphy denies the statements and allegations of Paragraph 55, save that Mr. Murphy responds that the Participation Agreement constitutes the best evidence of its terms. To the extent that the allegations of paragraph 55 fail to fully and accurately reflect the contents of that written agreement, Mr. Murphy denies the allegations of paragraph 55. To the extent that any further response may be required (which is denied), the allegations in paragraph 55 of the Counterclaim are denied as written.

56.

Mr. Murphy denies the allegations contained in paragraph 56 of the Counterclaim.

57.

To the extent the allegations contained in paragraph 57 of the Counterclaim apply to Mr. Murphy, these allegations are denied. To the extent the allegations contained in paragraph 57 of the Counterclaim relate to third-parties, and not Mr. Murphy, those allegations are denied for lack of sufficient information to justify a belief therein.

58.

To the extent the allegations contained in paragraph 58 of the Counterclaim apply to Mr. Murphy, these allegations are denied. To the extent the allegations contained in paragraph 58 of the Counterclaim relate to third-parties, and not Mr. Murphy, those allegations are denied for lack of sufficient information to justify a belief therein.

59.

Mr. Murphy denies the allegations contained in paragraph 59 of the Counterclaim for lack of sufficient knowledge or information to justify a belief therein.

60.

Mr. Murphy denies the allegations contained in paragraph 60 of the Counterclaim.

61.

The statements and allegations in Paragraph 61 of the Counterclaim are a reiteration of the preceding paragraphs that do not require a response from Mr. Murphy. Further responding solely to the extent any further response may hereinafter be required, Mr. Murphy reasserts and incorporates his responses contained in paragraphs 1-60, above.

62.

Mr. Murphy denies the allegations contained in paragraph 62 of the Counterclaim.

63.

Mr. Murphy denies the allegations contained in paragraph 63 of the Counterclaim.

64.

Mr. Murphy denies the allegations contained in paragraph 64 of the Counterclaim.

65.

Mr. Murphy denies the allegations contained in paragraph 65 of the Counterclaim.

66.

Mr. Murphy denies the allegations contained in paragraph 66 of the Counterclaim.

In further response to the Counterclaim, Mr. Murphy generally denies the allegations of the "THEREFORE" paragraph and further denies the existence of any damages or legally cognizable cause of action, demand, or claim as against Mr. Murphy.  All allegations not specifically admitted herein are hereby specifically denied.

67.

Mr. Murphy reasserts and incorporates his responses contained in paragraphs 1-66, above.

68.

The allegations contained in paragraph 68 of the Counterclaim do not require a response from Mr. Murphy.  To the extent that any further response may be required (which is denied), the allegations in Paragraph 68 of the Counterclaim are denied.

69.

The allegations contained in paragraph 69 of the Counterclaim do not require a response from Mr. Murphy.  To the extent that any further response may be required (which is denied), the allegations in Paragraph 69 of the Counterclaim are denied.

70.

The allegations contained in paragraph 70 of the Counterclaim do not require a response from Mr. Murphy.  To the extent that any further response may be required (which is denied), the allegations in Paragraph 70 of the Counterclaim are denied.

71.

The allegations contained in paragraph 71 of the Counterclaim do not require a response from Mr. Murphy.  To the extent that any further response may be required (which is denied), the allegations in Paragraph 71 of the Counterclaim are denied.

In further response to the Counterclaim, Mr. Murphy generally denies the allegations of the "THEREFORE" paragraph and further denies the existence of any damages or legally cognizable cause of action, demand, or claim as against Mr. Murphy.  All allegations not specifically admitted herein are hereby specifically denied.

72.

Mr. Murphy reasserts and incorporates his responses contained in paragraphs 1-71, above.

73.

Mr. Murphy denies the allegations contained in paragraph 73 of the Counterclaim.

74.

Mr. Murphy denies the allegations contained in paragraph 74 of the Counterclaim.

In further response to the Counterclaim, Mr. Murphy generally denies the allegations of the "THEREFORE" paragraph and further denies the existence of any damages or legally cognizable cause of action, demand, or claim as against Mr. Murphy.  All allegations not specifically admitted herein are hereby specifically denied.

75.

Mr. Murphy reasserts and incorporates his responses contained in paragraphs 1-74, above.

76.

Mr. Murphy denies that Rooster Energy, Ltd. is a Canadian entity.  Mr. Murphy admits the remaining allegations contained in paragraph 76 of the Counterclaim.

77.

The allegations contained in paragraph 77 of the Counterclaim relate to a third-party, not the Mr. Murphy and, therefore, are denied for lack of sufficient information to justify a belief therein.

78.

The allegations contained in paragraph 78 of the Counterclaim relate to a third-party, not the Mr. Murphy and, therefore, are denied for lack of sufficient information to justify a belief therein.

79.

The allegations contained in paragraph 79 of the Counterclaim relate to a third-party, not the Mr. Murphy and, therefore, are denied for lack of sufficient information to justify a belief therein.

80.

The statements and allegations in Paragraph 80 of the Counterclaim assert legal conclusions and/or statements of applicable law that do not require a response from Mr. Murphy. To the extent that any further response may be required (which is denied), the allegations in Paragraph 80 of the Counterclaim are denied.

81.

Mr. Murphy denies the allegations contained in paragraph 81 of the Counterclaim.

82.

Mr. Murphy denies the allegations contained in paragraph 82 of the Counterclaim.

83.

The statements and allegations in Paragraph 83 of the Counterclaim assert legal conclusions and/or statements of applicable law that do not require a response from Mr. Murphy. To the extent that any further response may be required (which is denied), the allegations in Paragraph 83 of the Counterclaim are denied, so far as those allegations apply to Mr. Murphy.

In further response to the Counterclaim, Mr. Murphy generally denies the allegations of the "THEREFORE" paragraph and further denies the existence of any damages or legally cognizable cause of action, demand, or claim as against Mr. Murphy. All allegations not specifically admitted herein are hereby specifically denied, and Mr. Murphy demand strict proof thereof.

WHEREFORE, Robert Murphy prays that, after due proceedings, the Counterclaim and all claims asserted therein against Mr. Murphy be dismissed with prejudice and in their entirety; that the Counter-Plaintiffs be taxed with all costs and expenses of this proceeding; and that Mr. Murphy otherwise be awarded all other relief to which he may be entitled under the law.

Respectfully submitted:

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

**By:**   */s/ Beatriz Q. Richmond*
**EDDY DE LOS SANTOS**
TBN 24040790
**MARK MATHEWS**
TBN 13190400
**BEATRIZ RICHMOND**
TBN 24083734
1301 McKinney Street, Suite 3700
Houston, TX 77070
Telephone (713) 650-9700
Facsimile (713) 650-9701

**ATTORNEYS FOR
ROOSTER OIL & GAS, LLC,
ROOSTER PETROLEUM, LLC,
CHET MORRISON,
KENNETH F. TAMPLAIN, JR., AND
ROBERT MURPHY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via ECF electronic service, pursuant to the Federal Rules of Civil Procedure on August 22, 2013.

*/s/Beatriz Q. Richmond*
BEATRIZ Q. RICHMOND