```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| ROOSTER OIL & GAS, LLC and § <br> ROOSTER PETROLEUM, LLC, § <br> § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> BIRNHAM ENERGY INVESTMENT § <br> COMPANY, L.P., f/k/a IMPLICIT § <br> OIL & GAS, L.P., and IMPLICIT § <br> OIL & GAS (VR 376), LLC, § <br> § <br>     Defendants, § <br> ──────────────────────────── § <br> § <br> BIRNHAM ENERGY INVESTMENT § <br> COMPANY, L.P., f/k/a IMPLICIT § <br> OIL & GAS, L.P., IMPLICIT § <br> OIL & GAS (VR 376), LLC, § <br> 376 OG HOLDINGS, LLC and § <br> TEXAS OG ACQUISITIONS, LLC, § <br> § <br>     Counter-Plaintiffs, § <br> § <br> v. § <br> § <br> ROOSTER OIL & GAS, LLC, § <br> ROOSTER PETROLEUM, LLC, § <br> ROOSTER ENERGY, LLC, ROOSTER § <br> ENERGY, LTD, ROBERT MURPHY, § <br> KENNETH F. TAMPLAIN, JR., § <br> and CHET MORRISON, § <br> § <br>     Counter-Defendants. § | CIVIL ACTION NO. H-13-1983 |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Counter-Plaintiffs' Motion to Remand and for Attorneys' Fees and Costs (Doc. 6). The court has

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 4.

considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Counter-Plaintiff's Motion be **GRANTED** with respect to remand and **DENIED** with respect to attorneys' fees and costs.

## I.  Case Background

Plaintiff Rooster Oil & Gas, LLC, and Rooster Petroleum, LLC, (collectively, "Plaintiff Rooster") filed this action on March 27, 2013, in state court in Harris County against Defendant Birnham Energy Investment Company, L.P., ("Defendant Birnham") and Defendant Implicit Oil & Gas (VR 376), LLC, ("Defendant Implicit VR 376") asserting breach of contract and quantum meruit claims.[2]

Plaintiff Rooster and Defendant Birnham entered into an agreement on January 6, 2012, under which Plaintiff Rooster agreed to assign a twenty-five percent working interest in two exploratory wells in the Gulf of Mexico in exchange for Defendant Birnham's agreement to participate in the drilling of the wells ("Participation Agreement").[3] Defendant Birnham agreed to pay one-third of all drilling and completion costs and, thereafter, twenty-five percent of all lease-operating expenses in exchange for the twenty-five percent working interest.[4] Plaintiff Rooster assigned

---

[2]    See Doc. 1-2, Ex. A-2 to Notice of Removal, Pls.' Original Pet.

[3]    See Doc. 1-2, Ex. A-2-A to Notice of Removal, Participation Agreement pp. 1-3

[4]    See id.

the twenty-five percent working interest to Defendant Birnham's designated assignee, Defendant Implicit VR 376.[5]

Plaintiff Rooster's state petition alleged that Defendant Implicit VR 376 failed to pay drilling and completion costs owed under the Participation Agreement.[6] Plaintiff Rooster also alleged that Defendant Birnham and Defendant Implicit VR 376 owed lease operating expenses under a separate operating agreement concerning the wells.[7]

Defendant Birnham and Defendant Implciit VR 376, along with Counter-Plaintiffs 376 OG Holdings, LLC, and Texas OG Acquisitions, LLC, (collectively "Counter-Plaintiffs") subsequently filed a counterclaim against Plaintiff Rooster, three of its executives (Robert Murphy, Kenneth Tamplain, and Chet Morrison ("Counter-Defendant Morrison")), and two affiliated companies (collectively, "Counter-Defendants").[8][9] Counter-Plaintiffs asserted a breach of contract claim against Plaintiff Rooster, alleging that it had

---

[5]   See Doc. 1-2, Ex. A-2-A to Notice of Removal, Wellbore Assignment & Bill of Sale, Attach. C-1 to Participation Agreement.

[6]   See Doc. 1-2, Ex. A-2 to Notice of Removal, Pls.' Original Petition p. 4.

[7]   See id.

[8]   See Doc. 1-5, Ex. A-7 to Notice of Removal, Counter-Pls.' Original Countercl.

[9]   In his notice of removal, Counter-Defendant Morrison contends that he is not a counter-defendant, but rather a third-party defendant. See Doc. 1, Notice of Removal p. 3.  In his response to Counter-Plaintiffs' motion to remand, however, Counter-Defendant Morrison concedes that he is a "joined counter-defendant." See Doc 15, Resp. to Mot. to Remand p. 13.

failed to account to Counter-Plaintiffs for their share of production due under the Participation Agreement.[10] Counter-Plaintiffs conceded that Defendant Implicit VR 376 had failed to make payments due under the Participation Agreement and alleged that Plaintiff Rooster consequently, and in contravention of the Participation Agreement, withheld from Defendant Implicit 376 the proceeds owed to it under the agreement.[11] Counter-Plaintiffs also brought a conversion claim against Counter-Defendants, alleging that this failure to pay amounted to a conversion of minerals owned by Counter-Plaintiffs.[12] Counter-Plaintiffs further sought the appointment of an auditor and a receiver.[13]

On July 8, 2013, Counter-Defendant Morrison removed the case on the basis of federal question jurisdiction.[14] On July 17, 2013, Counter-Plaintiffs filed a motion to remand, to which Counter-Defendant Morrison filed a response on July 30, 2013.[15] Counter-Plaintiffs filed a motion for leave to file a supplement to its motion to remand on September 5, 2013, to which Counter-Defendant

---

[10] See id. pp. 6-8, 17-18.

[11] See id. pp. 6-8.

[12] See id. pp. 16-17.

[13] See id. pp. 18-21.

[14] See Doc. 1, Notice of Removal.

[15] See Doc. 6, Mot. to Remand; Doc 15, Resp. to Mot. to Remand.

4

Morrison filed a response on October 2, 2013.[16]

## II.  Discussion

Counter-Defendant Morrison asserts that this court has original jurisdiction by virtue of the Outer Continental Shelf Lands Act ("OCSLA" or "the Act"), 43 U.S.C. § 1349.[17] He contends that he removed this case pursuant to 28 U.S.C. § 1441 ("Section 1441") but has not made clear the subsection of Section 1441 upon which removal was based.[18] Counter-Plaintiffs assert that Counter-Defendant Morrison removed solely pursuant to Section 1441(a), and, therefore, removal is improper because a counter-defendant is entitled to remove only under Section 1441(c).  Counter-Plaintiffs further argue that a counter-defendant may only remove pursuant to Section 1441(c) under limited circumstances not applicable in this case.

Under Section 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Addressing joinder of federal law claims and state law

---

[16]   See Doc. 24, Mot. for Leave to File Supp. to Mot. to Remand; Doc. 26, Resp. to Mot. for Leave to File Supp. to Mot. to Remand.

[17]   See Doc. 1, Notice of Removal p. 3.

[18]   See id. pp. 2-5.

claims, Section 1441(c)(1) provides that if a civil action includes:

> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of Section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

While it is well-established that counter-defendants are not "defendants" as the term is used in Section 1441(a), the Fifth Circuit held in Tex. ex rel. Bd. of Regents of the Univ. of Tex. Sys. v. Walker, 142 F.3d 813 (5th Cir. 1998) that counter-defendants who were not original plaintiffs are entitled to remove under Section 1441(c) where the counter-claim involves separate and independent federal claims. See Roadway Package Sys., Inc. v. Rodgers Wade Mfg. Co., Inc., No. 3:96-cv-2009-G, 1997 WL 160282 at *2 (N.D. Tex. Mar. 28, 1997); Walker, 142 F.3d at 816.

Although Counter-Defendant Morrison does not state in his notice of removal the subsection of Section 1441 upon which removal is based, he does note that all other Counter-Defendants have consented to the removal of the action in accordance with 28 U.S.C. § 1446(b)(2)(A).[19] Such consent is required only when a civil action is removed solely under section 1441(a). See 28 U.S.C. § 1446(b)(2)(A). However, Counter-Defendant Morrison also asserts

---

[19] See id. p. 4.

that Counter-Plaintiffs brought claims "separate and independent" of those brought by Plaintiff Rooster.[20] An earlier version of Section 1441(c), effective from 1990 until January 6, 2012, provided that an entire case could be removed "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action." 28 U.S.C. § 1441(c); see also Fed. Ct. Jurisdiction and Venue Clarification Act, Pub. L. No. 112-63, 125 Stat. 758 (2011).

In their response, Counter-Plaintiffs also reference this earlier version of Section 1441(c), asserting that Counter-Defendant Morrison cannot allege that the claims against him were separate and independent of those made against Plaintiff Rooster, and therefore Section 1441(c) has been "neither pleaded nor implicated."[21] Counter-Defendant Morrison replies that Counter-Plaintiffs "incorrectly contend that [he] . . . did not plead or implicate removal under Section 1441(c)."[22] However, Counter-Defendant Morrison does not further clarify the basis for removal or explain how Section 1441(c) could apply in this case.

In its current version, as quoted above, Section 1441(c) allows a case to be removed when the case includes *both* a claim

---

[20]   See id. p. 3.

[21]   See Doc. 6, Mot. to Remand p. 9.

[22]   See Doc. 15, Resp. to Mot. to Remand p. 8.

that presents a federal question *and* an otherwise nonremovable claim. 28 U.S.C. § 1441(c)(1).

The court finds that the requirements of this subsection are not met here. Counter-Defendant asserts that this court has jurisdiction over Counter-Plaintiffs' claims pursuant to the OCSLA. The OCSLA invests in the federal district courts "jurisdiction to hear and determine certain disputes which Congress anticipated that oil and gas leases on the [outer Continental Shelf ("OCS")] and operations thereunder might generate, among them 'cases and controversies arising out of, or in connection with any operation conducted on the [OCS] which involves exploration, development, or production'" of the minerals of the OCS. Amoco Prod. Co. v. Sea Robin Pipeline Co., 844 F.2d 1202, 1206 (5th Cir. 1998) (quoting 43 U.S.C. § 1349). The OCS is defined as all submerged lands lying seaward and outside of the states' jurisdiction, and "of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control." 43 U.S.C. § 1331; 43 U.S.C § 1301. "Development" is defined in the Act as "those activities which take place following discovery of minerals in paying quantities, including . . . drilling." 43 U.S.C. § 1331(l). "Production" is defined as "those activities which take place after the successful completion of any means for the removal of minerals." 43 U.S.C. § 1331(m).

The Fifth Circuit has held that there is jurisdiction under

the OCSLA where the case at issue would "affect the efficient exploitation of resources from the OCS and/or threaten the total recovery of federally owned resources." See EP Operating Ltd. P'ship v. Placid Oil Co., 26 F.3d 563 (5th Cir. 1994). Courts have found that the OCSLA applies in disputes regarding leases governing land that is included on the OCS. See, e.g., Pittencrieff Res., Inc. v. Firstland Offshore Exploration Co., 942 F. Supp. 271, 277 (E.D. La. 1996).

None of the parties to this action dispute that the agreements in question govern property that is subject to the OCLSA. It is clear, then, that under OCSLA there is federal jurisdiction to hear not only Counter-Plaintiffs' claims, but also Plaintiff Rooster's, as all of the claims relate to agreements concerning the same operations. Counter-Defendant Morrison himself asserts that "[t]here is no dispute that the Court has subject matter jurisdiction over this entire action, including all claims asserted by all parties."[23] Thus, there is no "claim not within the original or supplemental jurisdiction of the district court," nor "a claim that has been made nonremovable by statute" present in this case as required by Section 1441(c). Counter-Defendant Morrison's only possible basis for removal, therefore, is Section 1441(a).

Section 1441(a) reserves the right to remove to "the defendant

---

[23] Doc. 26, Resp. to Mot. for Leave to File Supp. to Mot. to Remand p. 5.

or the defendants," and that right has been interpreted narrowly. See Huntsman Corp. v. Int'l Risk Ins. Co., No. H-08-1542, 2008 WL 4453170, at *3 (S.D. Tex. Sept. 26, 2008). The proposition that a counter-defendant is not a "defendant" within the meaning of the statute is well-established. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (holding that the counter-defendant was not a "defendant" under Section 1441(a) and instructing courts to construe Section 1441 strictly); Roadway Package Sys., Inc., 1997 WL 160282, at *2; Scott v. Commc'ns Servs., Inc., 762 F. Supp. 147, 150 (S.D. Tex. 1991), aff'd, 961 F.2d 1571 (5th Cir. 1992). Courts addressing the issue have found that the rule is no different for a counter-defendant who was not an original party to the case. See e.g., OPNAD Fund, Inc. v. Watson, 863 F.Supp. 328, 331 (S.D. Miss. 1994).

    Counter-Defendant Morrison cites to Walker, where the Fifth Circuit held that counter-defendants not originally parties to the case are entitled to remove under Section 1441(c) when the original claims and the counterclaims are "separate and independent." Walker, 142 F.3d at 816. The court made clear, however, that its analysis was inapplicable to cases involving removal under Section 1441(a). See id. at 818 n.5. Thus, this case was not removable under the circumstances presented.[24]

---

[24] The parties devote a significant portion of their briefs to addressing whether Counter-Plaintiffs' claims against Counter-Defendant Morrison are "separate and independent" from Plaintiff Rooster's original claims, citing Walker. Walker addressed removal under the earlier version of Section 1441(c).

10

Counter-Plaintiffs also seek an award of attorneys' fees under 28 U.S.C. § 1447(c) predicated upon Counter-Defendant Morrison's improper removal of this case. Under 28 U.S.C. § 1447(c), the court has discretion to award "payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." See 28 U.S.C. § 1447(c); Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290 (5th Cir. 2000). The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005); see also Valdes, 199 F.3d at 293.

Although this case is a close call, the court, in its discretion, finds that Counter-Plaintiffs should not be awarded attorneys' fees. Neither party identified the lack of an otherwise nonremovable claim as a bar to removal under Section 1441(c). Since it appears that both parties were operating under the same misunderstanding regarding the statute, the Court cannot find that this misunderstanding was so unreasonable that Counter-Defendant Morrison should pay Counter-Plaintiffs' attorneys' fees.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Counter-Plaintiff's Motion be **GRANTED** with respect to remand and **DENIED**

---

The parties have not briefed whether the rule of Walker was altered by the change in the statute. The court need not address these issues given that all claims in this case arise under federal law.

with respect to attorneys' fees and costs. If this Memorandum and Recommendation is adopted, Counter-Defendants' recently filed Motion to Transfer (Doc. 28) will be moot.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd day of October, 2013.

Nancy K. Johnson
United States Magistrate Judge