**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Rooster Oil & Gas L.L.C., *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action H-13-1983 |
| | § | |
| Birnham Energy Investment | § | |
| Company, L.P., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**Order Adopting Magistrate Judge's
Memorandum & Recommendation and Order of Remand**

Pending before the court is the Magistrate Judge's Memorandum & Recommendation (Dkt. 30) recommending that the counter-plaintiffs' motion to remand (Dkt. 6) be granted with respect to remand and denied with respect to attorneys' fees and costs.  Having reviewed the Memorandum & Recommendation, the pleadings, counter-defendant Chet Morrison's ("Morrison") objections (Dkt. 34), and the applicable law, the court **OVERRULES** Morrison's objections and **ADOPTS** the Magistrate Judge's Memorandum & Recommendation.

The Magistrate Judge recommended that this court remand the case on grounds that Morrison, a counter-defendant, did not have standing to remove the action under 28 U.S.C. § 1441(a).  Dkt. 30 at 9–10.  That statute restricts the removability of a case to "the defendant or the defendants" and has been held not to extend to a plaintiff/counter-defendant.  28 U.S.C. § 1441(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (holding that a plaintiff/counter-defendant may not remove a case under § 1441(a)).  To date, the Fifth Circuit has not decided the related question of whether a counter-defendant, who was not an original plaintiff to the action, may remove the case under § 1441(a).  Nonetheless, the overwhelming majority of courts have adopted

*Shamrock*'s admonition to strictly construe the removal statutes and have not extended a right of removal under § 1441(a) to counter-defendants or third-party defendants. *See, e.g.*, *Huntsman Corp. v. Int'l Risk Ins. Co.*, 2008 WL 4453170, at *3 (S.D. Tex. Sept. 26, 2008) (collecting cases).

Morrison asks the court to adopt the minority view based on a handful of district court opinions, some within this circuit and one from Illinois, that have suggested or explicitly held that third-party defendants may remove a case under § 1441(a). Dkt. 34 at 7–13. This court, however, declines the invitation. Absent clear guidance from Congress or a higher court affirming that counter-defendants may remove cases under § 1441(a), this court will not expand the statutory language beyond its logical limitations. Morrison's objections are **OVERRULED**.

The Magistrate Judge's Memorandum and Recommendation is therefore **ADOPTED**, and pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the 165th Judicial District Court of Harris County, Texas. All parties shall bear their own costs and attorneys' fees related to removal.

Signed at Houston, Texas on November 12, 2013.

_____
Gray H. Miller
United States District Judge